## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

**TERVES, LLC, a Nevada limited liability company,**

        **Plaintiff,**

**v.**

**MAGNESIUM MACHINE, LLC, an Oklahoma limited liability company,**

        **Defendant.**

**Case No. CIV-23-133-PRW**

---

## DEFENDANT MAGNESIUM MACHINE, LLC'S MOTION TO DISMISS

---

## TABLE OF CONTENTS

OVERVIEW ..................................................................................................... 1

PROCEDURAL BACKGROUND ................................................................. 2

ARGUMENT & AUTHORITIES .................................................................. 6

  1.  THIS LAWSUIT IS AN IMPROPER COLLATERAL ATTACK ON THE PRIOR DETERMINATIONS OF THE OHIO COURT. ......................................... 6

  2.  TERVES'S '653 AND '740 PATENT CLAIMS RAISE PRECLUDED ISSUES.. 8

  3.  TERVES'S '151 PATENT CLAIMS ARE SIMILARLY PRECLUDED. ........... 10

    A.  The '151 Issues Are Precluded. ....................................................... 10

    B.  The '151 Claims Are Precluded. ....................................................... 11

  4.  IN THE ALTERNATIVE, THIS MATTER SHOULD BE STAYED ................... 15

CONCLUSION ............................................................................................. 18

## TABLE OF AUTHORITIES

**Cases**

*Cygnus Telecomms. Tech., LLC*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)...............20

*Davidson v. Greenwich Ins., Co.*, No. 07-CV-451-TCK-TLW, 2009 WL 3233763 (N.D. OK, Sept. 29, 2009)....................................................................................................... 11

*Dodge v. Cotter Corp.*, 203 F.3d 1190 at 1198 ...........................................................11, 13

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ...................................20

*Freedom Scientific, Inc. v. GW Micro, Inc.*, No. 8:08-cv-1365-T-33TBM, 2009 WL 2423095 (M.D. Fla. 2009).......................................................................................... 20

*Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) .......................................................2

*Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) .............................20

*KLX Energy Services LLC v. Magnesium Machine, LLC, et al.*, No. CIV-20-1129 (W.D. Okla. 2020)....................................................................................................... 21, 22

*Landis v. N. Am. Co.*, 229 U.S. 248, 254 (1936) ..............................................................18

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 762 F.3d 1114, 1118 (10th Cir. 2014) ......................................................................................................................... 15, 17

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) .............................................................................................................................. 14

*MACTEC, Inc. v. Gorelick,* 427 F.3d 821, 831 (10th Cir. 2005)................................... 14

*Magnesium Machine, LLC v. Terves, LLC*, No. 5:21-cv-01115-PRW (W.D. Okla. 2022)3, 4

*Miller Mendel, Inc. v. City of Oklahoma City*, No. CIV-18-990-JD, 2020 WL 9597839 (W.D. Okla. Jul. 27, 2020) ....................................................................................18, 21

*Nwosun v. Gen. Mills Rests., Inc.,* 124 F.3d 1255, 1257 (10th Cir. 1997).........................15

*Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) ........11

*Plotner v. AT&T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000).........................................15

*Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1273 n. 3 (10th Cir.1995) ...................11

*Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) ............10

*Stone v. Dep't of Aviation,* 453 F.3d 1271, 1275 (10th Cir. 2006) ...............................14

*Terves LLC v. Yueyang Aerospace New Materials Co. Ltd, et al.*, Case No. 2022-1855 & 2022-2151 ........................................................................................................ 6

*Terves LLC v. Yueyang Aerospace New Materials Co. Ltd.*, No. 1:19-cv-1611-DCN (N.D. Ohio 2022) ....................................................... 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 14, 16, 17, 19

*United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004) ........................................... 9

*United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) .......................................................................................................................... 18

Defendant Magnesium Machine, LLC ("Magnesium Machine") hereby moves the Court to dismiss Plaintiff Terves, LLC's ("Terves's") *Complaint* filed February 9, 2023 (the "Complaint"), as follows:

## **OVERVIEW**

Terves's asserted patents are each children of the same parent patent and all aim to protect Terves's claim to a particular alloy. Terves previously asserted claims for infringement of its rights to that alloy against Magnesium Machine's supplier in Ohio and prevailed, obtaining an award of damages specifically measured by profits allegedly lost as a result of both the supplier's and Magnesium Machine's sales of products manufactured using the infringing alloy. If that judgment is affirmed on appeal, a posted cash bond will make Terves whole. And, when Terves previously sought relief against Magnesium Machine in Ohio, that Court specifically held that Magnesium Machine's sale of its products was not a separate infringement of Terves's patented alloy and any damages against Magnesium Machine would be duplicative of the damages Terves had already been awarded. And so, because Terves already obtained a final determination of its patent claims in Ohio, and because Terves has already obtained an award of damages that is guaranteed to be satisfied by a posted cash bond, and because the court in Ohio has already determined Terves has no viable claims against Magnesium Machine, this lawsuit must be dismissed.

## PROCEDURAL BACKGROUND[1]

1.      In 2019, Terves, LLC sued Ecometal Inc. ("Ecometal") in the United States District Court for the Northern District of Ohio (the "Ohio Court") alleging, among other things, that it infringed U.S. Patents No. 10,329,653 (the "'653 Patent") and 10,689,740 (the "'740 Patent") by importing a particular dissolvable magnesium alloy. *See Terves LLC v. Yueyang Aerospace New Materials Co. Ltd.*, No. 1:19-cv-1611-DCN (N.D. Ohio 2022) (the "Ohio Lawsuit"). From that time until now, Terves has known about Magnesium Machine and could have made it a party to a suit for patent infringement.

2.      On November 11, 2021, and during the pendency of the Ohio Lawsuit, Magnesium Machine brought an action against Terves before the United States District Court for the Western District of Oklahoma (this "Court"), the Honorable Patrick R. Wyrick presiding, seeking a determination of non-infringement of the '653 and '740 Patents and damages arising out of Terves's interference with Magnesium Machine's contractual relationships and prospective economic advantage. *See Magnesium Machine, LLC v. Terves, LLC*, No. 5:21-cv-01115-PRW (W.D. Okla. 2022) (the "Magnesium Machine Lawsuit").

---

[1] The Court should take judicial notice of these procedural background matters, as they are set out in public judicial records. And, the reference of these public record materials does not impact the nature of this as a Motion to Dismiss. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal citations and quotations omitted) ("A district court is not required to convert a motion to dismiss to a motion for summary judgment to consider (1) 'documents the complaint incorporates by reference'; (2) 'documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity'; and (3) 'matters of which a court may take judicial notice.').

3.     Terves sought dismissal of the Magnesium Machine Lawsuit, in part, because "identical issues" would be decided in the Ohio Lawsuit. *See Terves' Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Transfer, Stay, or Dismiss Based on the First-to-File Rule* at 10-15, *Magnesium Machine*, No. 5:21-cv-01115-PRW (Jan. 19, 2022) (attached hereto as Exhibit "1") (". . . [T]he same questions predominate: whether the product sold between [Ecometal and Magnesium Machine] infringes, and whether the asserted patent is valid."; "It is respectfully submitted that the heavy overlap of issues between this case and the Ohio [Lawsuit] triggers the first-to-file rule."; "As to Magnesium Machine's declaratory judgment claim, it raises the identical issues that will be decided in the Ohio [Lawsuit] . . . ."; "Thus, the cases raise the same issues, the two actions are duplicative . . . ."; ". . . [T]wo courts reaching the same decisions would be 'wasteful and unnecessary litigation' and disagreeing would 'produc[e] conflicting decision[s].").

4.     The Magnesium Machine Lawsuit was ultimately dismissed. *Order* at 16, *Magnesium Machine*, No. 5:21-cv-01115-PRW (Nov. 2, 2022) (attached hereto as Exhibit "2").

5.     Separately, Terves was awarded summary judgment as to liability in the Ohio Lawsuit. *Memorandum Opinion and Order, Yueyang Aerospace*, No. 1:19-cv-1611-DCN (Apr. 12, 2022) (attached hereto as Exhibit "3").

6.     The Ohio Lawsuit proceeded to jury trial on the issue of damages. In that trial, Terves's measure of damages specifically captured the sale by Magnesium Machine of products allegedly manufactured using the infringing alloys imported by Ecometal.

3

Take, for example, Terves's Exhibit No. 36 in the Ohio Lawsuit, a copy of which is attached hereto as Exhibit "4":



**Terves LLC v. Yueyang, et al.**
**MMP Revenue by Customer (Dissolvable Magnesium Plugs and Balls)**
**Exhibit 5**
*Provided Under Fed. R. Evid. 1006*

| | Customer Revenue | | June 25–December 31 2019 | 2020 | January 1–June 30 2021 | Total |
|---|---|---|---|---|---|---|
| 1 | Blackhawk Specialty Tools | [1] $ | 227,850 $ | – $ | – $ | 227,850 |
| 2 | Forum Energy Technologies | [1] | – | 500 | – | 500 |
| 3 | Frontier Oil Tools | [2] | – | 6,730 | 314,296 | 321,026 |
| 4 | Jet | [3] | – | 201,600 | 1,806,050 | 2,007,650 |
| 5 | KLX Energy Services | [2] | 5,284,686 | 4,550,671 | – | 9,835,357 |
| 6 | Peak Completions | [1] | 25,690 | 13,240 | – | 38,930 |
| 7 | Royal Composites LLC | [1] | – | 2,500 | – | 2,500 |
| 8 | STATE Energy Solutions | [4] | – | 1,200 | – | 1,200 |
| 9 | Weatherford | [1] | – | – | – | – |
| 10 | **Total MMP Revenue** | $ | 5,538,226 $ | 4,776,441 $ | 2,120,346 $ | 12,435,013 |

[1] MM 0001-0618 at 606-618.
[2] MM 0001-0618 at 606-618 and "MM sales detail 0620 - 0621.pdf"
[3] "Jet - Orders Tracking.pdf"
[4] "MM sales detail 0620 - 0621.pdf"

There's no denying Terves sought recovery from the Ohio Court for damages allegedly attributable to Magnesium Machine's sale of infringing products.

7.     At the conclusion of trial in the Ohio Lawsuit, Terves was awarded lost profit damages in the amount of $707,207.00. *See Judgment*, *Yueyang Aerospace*, No. 1:19-cv-1611-DCN (Apr. 28, 2022) (attached hereto as Exhibit "5").

8.     Terves next received permanent injunctions (i) against Ecometal (and others) forbidding importation, production, use and sale of any materials found to infringe the '653 and '740 Patents and (ii) against Magnesium Machine with respect to the purchase of "any infringing product . . . from any of the [Ohio Lawsuit Defendants], or from otherwise participating or acting in concert with Ecometal or Nick Yuan to violate the terms of this injunction." *See Memorandum Opinion and Order* at 8, *Yueyang Aerospace*, No. 1:19-cv-1611-DCN (July 20, 2022) (attached hereto as Exhibit "6").

9.      Terves later sought to enforce its permanent injunction against Magnesium Machine with respect to its purchase from Ecometal of "100 tons of infringing material . . . prior to the trial in this case." *See Memorandum Opinion and Order* at 1*, Yueyang Aerospace*, No. 1:19-cv-1611-DCN (Nov. 9, 2022) (attached hereto as Exhibit "7"). In pertinent part, the Ohio Court held as follows:

> **The judgment against the Defendants included damages Terves suffered as a result of the sale of this infringing material.** Terves now seeks to prevent [Magnesium Machine], who is not a party to this action, from selling products it made using the purchased infringing materials.
>
> When issuing the injunction in this case, [the Ohio Court] held as follows:
>
> There is insufficient evidence in this case to establish that a permanent injunction is warranted prohibiting the sale of any product (e.g., frac plug, ball, or other tool) manufactured from the Infringing Materials purchased from Ecometal prior to the judgment in this case. **The jury in this case considered evidence including the value of the infringing materials and the MMP products manufactured from these materials, and were able to take these into account in formulating their judgment and award**. . . .

*Id.* (Emphasis Added).

10.      Ecometal timely appealed the judgment entered by the Ohio Court. *See Terves LLC v. Yueyang Aerospace New Materials Co. Ltd, et al.*, Case No. 2022-1855 & 2022-2151 (the "Federal Circuit Appeals"). These appeals have been fully briefed to and are awaiting the decision of the United States Court of Appeals for the Federal Circuit. A decision on appeal is expected by October of this year.

11.    To effect a stay of collection activities during the pendency of the Federal Circuit Appeals, Ecometal posted a cash bond in the amount of $901,844.00. *See Memorandum Opinion and Order*, *Yueyang Aerospace*, No. 1:19-cv-1611-DCN (Feb. 15, 2023) (attached hereto as Exhibit "8"). Ecometal posted that bond on February 23, 2023. *See Notice of Certification of Deposit Into Court's Escrow Account*, *Yueyang Aerospace*, No. 1:19-cv-1611-DCN (Feb. 23, 2023) (attached hereto as Exhibit "9"). In the event Terves prevails in the Federal Circuit Appeals, the bond funds will be distributed to Terves in satisfaction of its judgment against Ecometal. *See* Exhibit 8.

12.    Finally, although the Ohio Court determined Terves is not entitled to proceed against Magnesium Machine for damages it already sought (and was awarded) against Ecometal, and although Terves's judgment against Ecometal will be paid in full if it prevails in the Federal Circuit Appeal, Terves nonetheless commenced this lawsuit with the filing of its Complaint on February 9, 2023.

## ARGUMENT & AUTHORITIES

### 1.    THIS LAWSUIT IS AN IMPROPER COLLATERAL ATTACK ON THE PRIOR DETERMINATIONS OF THE OHIO COURT.

Terves previously sought from the Ohio Court a determination that Magnesium Machine's sale of products made with materials imported by Ecometal was its own infringement of the '653 and '740 Patents. The Ohio Court disagreed, holding "[t]he judgment against the Defendants [in the Ohio Lawsuit] included damages Terves suffered as a result of the sale of this infringing material" by Magnesium Machine. *See* Exhibit 7, at 1. Indeed, "[t]he jury in [the Ohio Lawsuit] considered evidence including the value of

the infringing materials and the [Magnesium Machine] products manufactured from these materials, and were able to take these into account in formulating their judgment and award." *Id.* The upshot, then, is that Terves already knows (because the Ohio Court told it so) that any damages arising out of its alleged claims against Magnesium Machine relating to the '653 and '740 Patents were already considered and awarded in the Ohio Lawsuit. *Id.*

To be fair, the Ohio Court's decision might have differed if Terves alleged Magnesium Machine "ha[d] purchased any infringing materials post-judgment" in the Ohio Lawsuit. *Id.,* at 2. But Terves admits the importation of the allegedly infringing alloys ended before the April 2022 judgment the Ohio Lawsuit. Complaint at ¶ 55 (". . . Terves' market intelligence reports that Ecometal has shipped additional tons of dissolvable magnesium by ship into the U.S. as recently as late-2021 to March 2022."). There being no new allegations with respect to the '653 and '740 Patents, the only explanation for Terves filing a lawsuit seeking reconsideration of the issues it already raised (and lost) before the Ohio Court is that Terves isn't happy with the outcome of the Ohio Lawsuit. Fair enough, but that's not a proper basis for a collateral attack upon the prior judgments of the Ohio Court.[2] *See United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004) ("A judgment may therefore be attacked in a collateral proceeding in another jurisdiction on the basis that it was rendered without jurisdiction.") (citations omitted).

---

[2] In theory, Terves could argue that it needs to pursue claims against Magnesium Machine because its damages have not yet been satisfied by Ecometal. But, Ecometal has posted a bond sufficient to satisfy Terves's judgment against it (Exhibit 9), and that amount is guaranteed to pay out to Terves in the event its judgment is affirmed (Exhibit 8). Accordingly, Terves is effectively guaranteed satisfaction of its judgment.

It is worth also noting that much of Terves's behavior to this point smacks of blatant forum (and Judge) shopping. Despite purporting to have claims against it, Terves did not name Magnesium Machine as a defendant in its lawsuit against Ecometal because it would have destroyed jurisdiction before the Ohio Court (i.e. Magnesium Machine was not subject to personal jurisdiction in Ohio). And, in response to the Magnesium Machine Lawsuit, Terves feigned outrage at the prospect of being called before this Court to account for its actions. *See* Exhibit 1. Now, Terves commenced this matter without identifying the prior lawsuits filed before this Court, presumably to avoid the natural conclusion that this matter should be assigned to the same Judge. *See* Civil Cover Sheet (attached hereto as Exhibit "10").[3] For whatever reason, Terves preferred the Ohio Court over this Court (until the Ohio Court disagreed with its efforts to extract duplicative damages from Magnesium Machine). Now, Terves appears to prefer certain judges of this Court over others.

Terves should not be rewarded for its improper forum, judge, and decision shopping, and instead should be forced to abide by the outcome it already sought and obtained from the Ohio Court. Accordingly, Counts One and Two of the Complaint must be dismissed.

## 2. TERVES'S '653 AND '740 PATENT CLAIMS RAISE PRECLUDED ISSUES.

Terves's claims are barred by the doctrine of issue preclusion, which prevents a party from "relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim."

---

[3] Despite Terves's failure to disclose the prior lawsuits filed before this Court, this matter was nonetheless administratively reassigned to Judge Wyrick on February 16, 2023.

*Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014). Issue preclusion applies where (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Dodge v. Cotter Corp.*, 203 F.3d 1190 at 1198.[4] As to the second element, the Ohio Lawsuit was finally adjudicated on the merits. *See* Exhibits 3, 5-7. And, as to the third and fourth elements, Terves was a party to the Ohio Lawsuit and had a full and fair opportunity to litigate its claims there. *See id.*; Complaint, ¶53.

Any dispute Terves might mount with respect to the first element would be disingenuous at best. Indeed, Terves asserted infringement of the '653 and '740 Patents before the Ohio Court. Complaint, ¶ 33. Now, Terves asserts identical claims before this Court. Complaint, ¶¶ 59-72. Whatever it might argue in response hereto, Terves has admitted the infringement issues raised to the Ohio Court are the same as those raised here because it wants to benefit from the Ohio Court's infringement findings. Complaint, ¶ 60, 67 ("The court in the [Ohio Lawsuit] already determined that the Ecometal product that

---

[4] Issue preclusion is governed by the law of the regional circuit in which the case is being heard (rather than the law of the Federal Circuit Court of Appeals). *See Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). And, "Oklahoma law and federal law on issue preclusion are the same, rendering both instructive in this matter." *Davidson v. Greenwich Ins., Co.*, No. 07-CV-451-TCK-TLW, 2009 WL 3233763, at *2 (N.D. OK, Sept. 29, 2009) (citing *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1273 n. 3 (10th Cir.1995)).

[Magnesium Machine] buys infringes" the '653 and '740 Patents). And yet, Terves wants the Court to disregard the Ohio Court's finding that Magnesium Machine's sale of products made with materials imported by Ecometal does not constitute a separate infringement of the '653 and '740 Patents and does not give rise to any damages already accounted for in the Ohio Lawsuit. This is exactly the sort of selective re-litigation the doctrine of issue preclusion is intended to avoid.

Terves's claims here are substantively identical to those raised in the Ohio Lawsuit. The merits of the Ohio Lawsuit were finally adjudicated. Terves was a party to the Ohio Lawsuit. And, Terves had a full and fair opportunity to litigate its claims there. Accordingly, Terves cannot be afforded an opportunity to selectively re-litigate the decisions of the Ohio Court that it does not like. The claims arising out of the '653 and '740 Patents should be dismissed.

### 3.   TERVES'S '151 PATENT CLAIMS ARE SIMILARLY PRECLUDED.

#### A.   The '151 Issues Are Precluded.

U.S. Patent No. 10,760,151 (the "'151 Patent") is indistinguishable from its '653 and '740 counterparts and, therefore, is subject to the same preclusion analysis. First, the '653, '740, and '151 Patents are all children of and claim priority to the same parent patent, being U.S. Patent No. 9,903,010 (the "'010 Patent"). *See* Exhibits 1-3 to Complaint. What's more, the substance of the '653 and '151 Patents is nearly (if not completely) identical across their first 17 pages. *Compare* Ex. 2 and Ex. 3 to the Complaint. To this point, Terves acknowledges the disclosure language is identical by relying on the '653 Patent language in support of its '151 Patent claims. Complaint, ¶¶ 74-77. Again, Terves hopes to rely on

the identical nature of the '151 and '653 Patents for purposes of establishing liability (*i.e.* infringing one is infringing the other) but then distinguish the two for purposes of asking this Court to reconsider the prior determinations of the Ohio Court. The application of the doctrine of issue preclusion is intended to prevent these sort of litigation games.

To be fair, the '653 Patent's claims refer to a magnesium composite while the '151 Patent's discuss a downhole well component made from that composite, but the change in language makes no substantive difference—Both the '653 and '740 Patents aim to protect the underlying alloy. Terves presented claims for damages to the Ohio jury regarding downhole well components sold by Magnesium Machine. *See* Exhibit 4. To be sure, there is no new matter in the '151 Patent that would distinguish claims made thereunder from those made with respect to the '653 Patent, and Terves has not alleged otherwise. Put simply, these patents are substantively interchangeable. What's more, Terves has already presented its damages theories to the Ohio jury and received its award associated with the sale of oilfield tools. Accordingly, Terves's claim that Magnesium Machine infringes the '151 Patent by manufacturing products using the alloy imported by Ecometal is precluded by the final determination of Terves's identical claim made with respect to the '653 Patent in Ohio. *Dodge*, 203 F.3d at 1198. Terves's '151 Patent claims must be dismissed because they raise only precluded issues.

## B.   The '151 Claims Are Precluded.

Terves's '151 Patent allegations are also subject to claim preclusion. Claim preclusion prevents "a party from re-litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick,*

427 F.3d 821, 831 (10th Cir. 2005). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation,* 453 F.3d 1271, 1275 (10th Cir. 2006). To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.,* 847 F.3d 1221, 1239 (10th Cir. 2017). First, it cannot be disputed that the Ohio Lawsuit was finally adjudicated on the merits. *See* Exhibits 3, 5-7.

Second, Terves was a party to the Ohio Lawsuit. *See id.*; Complaint, ¶¶ 33, 53. And, while it may be immaterial considering it is the party seeking to rely upon claim preclusion, Magnesium Machine is in privity with Ecometal, who was also a party to the Ohio Lawsuit. In fact, Terves (and, at its urging, the Ohio Court) relied upon that privity to justify the issuance of a permanent injunction against Magnesium Machine even though it was not a party in the Ohio Lawsuit. *See* Exhibit 6, at 6-8. The Ohio Court specifically noted Ecometal and Magnesium Machine were inextricably intertwined because Magnesium Machine (1) agreed to pay half of Ecometal's defense fees in the Ohio Lawsuit; (2) shared some of the same attorneys as Ecometal; and (3) was identified as a "real party in interest" in the attempted IPR proceedings. Complaint, ¶ 54; Exhibit 6, at 6-8. Because all that is required for a finding of privity is that "the parties in the two actions are 'really and substantially in interest the same,'" Magnesium Machine and Terves are undeniably in

12

privity with one another. *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 762 F.3d 1114, 1118 (10th Cir. 2014).

Finally, Terves's claims asserted here and in the Ohio Lawsuit arise from the same underlying events such that there is shared identity between both sets of claims. *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000) ("The fact that [plaintiff] now presents some of her claims under the rubric of slightly different legal theories ... does not obscure the fact that they all arise out of a single transaction."); *Nwosun v. Gen. Mills Rests., Inc.,* 124 F.3d 1255, 1257 (10th Cir. 1997) ("This circuit embraces the transactional approach to the definition of 'cause of action.' Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence."). Setting aside the similarities between the various patents at issue, the conduct complained of here and before the Ohio Court are identical—Ecometal was importing an allegedly infringing product that Magnesium Machine purchased and used to produce its downhole well products. Yet again, Terves relies on the factual similarities for purposes of seeking a quick determination of liability here based on the findings of the Ohio Court. Complaint, ¶¶ 74-77 At the risk of being repetitive, Terves is not allowed to pick and choose when to rely upon the identical nature of its claims there and here.

The similarities between the '653 and '151 Patent are also damning. These patents are children of the '010 Patent parent. They claim the same priority. And, they have identical disclosure language and substantively the same claims. Complaint, ¶¶ 74-77. To be fair, the '151 Patent issued during the pendency of the Ohio Lawsuit, and Terves will undoubtedly claim that justified their not asserting it there. *See* Ex. 3 to Complaint. But,

the '740 Patent also issued while that lawsuit was pending (Ex. 2 to Complaint) and Terves had no problem amending its claims to assert it. *See Second Amended Complaint* at 16-18, *Yueyang Aerospace*, No. 1:19-cv-1611-DCN (July 24, 2020) (attached hereto as Exhibit "11"). And, Terves had ample time to assert the '151 Patent in the Ohio Lawsuit, as it issued on September 1, 2020, more than a year-and-a-half before the Ohio Lawsuit went to trial beginning April 22, 2022.

At worst, Terves made the choice to hold back its '151 Patent claims so that it could harass Magnesium Machine by filing this Lawsuit after the Ohio Lawsuit concluded. At best, Terves merely overlooked its '151 Patent claims. Either way, because Terves had an obligation to assert the '151 Patent alongside all of its related claims raised in the Ohio Lawsuit, it is precluded from raising it here. *Lenox MacLaren Surgical Corp.*, 762 F.3d at 1119. Accordingly, Terves's '151 Patent claims must be dismissed.[5]

---

[5] Even if the claims were not sufficiently similar to those in the Ohio Lawsuit to preclude their assertion here, Terves's '653, '740, and '151 Patent claims would all nonetheless be barred by the passage of time. Indeed, Terves has "unreasonably and inexcusably delayed in prosecuting its [alleged] rights" and "that delay has resulted in material prejudice to" Magnesium Machine. *Potter Instrument Co., Inc. v. Storage Technology Corp.*, 641 F. 2d 190, 191 (4th Cir. 1981). Terves knew of its potential claims at least when (if not before) it elected to pursue Ecometal in Ohio four years ago. And, Terves resisted Magnesium Machine's efforts to litigate the issues between them since then. *See* Exhibit 1. The years-long delay in pursuing its claims, then, is neither reasonable nor excusable, and Magnesium Machine is materially prejudiced by the same. Accordingly, Terves's claims are also barred by the doctrine of laches. *Id.* (affirming application of laches with respect to a delay of just under six years).

### 4.     IN THE ALTERNATIVE, THIS MATTER SHOULD BE STAYED.

In the unlikely event this matter is not dismissed in its entirety, the matter should immediately be stayed pending the outcome of three related proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Miller Mendel, Inc. v. City of Oklahoma City*, No. CIV-18-990-JD, 2020 WL 9597839, at *2 (W.D. Okla. Jul. 27, 2020) (citing *Landis v. N. Am. Co.*, 229 U.S. 248, 254 (1936)). And, "a district court should consider: whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake." *Miller Mendel, Inc.*, 2020 WL 9597839, at *2 (citing *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003)).

First, the Federal Circuit Appeals of the Ohio Lawsuit have been fully briefed to and are awaiting the decision of the United States Court of Appeals for the Federal Circuit. By Terves's own admission, the Ohio Lawsuit and this matter are inextricably intertwined such that the outcome there will weigh heavily in this Court's consideration of this matter. *See* Complaint, ¶¶ 4-5, 29-35, 37, 46, 49-51, 53-54, 56, 60, 67, 75. If the matter proceeds now in reliance on determinations of the Ohio Court that are ultimately reversed on appeal, Magnesium Machine will be irreparably harmed by having been denied its opportunity to mount its defense to Terves's claims. If, on the other hand, this mater proceeds on the assumption the Ohio Court's judgments will be reversed and they ultimately are not, then

15

the parties may well have engaged in substantial, unnecessary, and duplicative litigation efforts. In either case, both parties are at substantial risk of harm if this matter proceeds without knowing the outcome of the Federal Circuit Appeals. And, Terves cannot suggest that delaying this matter will result in any harm to it, as Terves has declined to proceed on these alleged claims against Magnesium Machine for years while it engaged with Ecometal in the Ohio Lawsuit—If these claims were pressing, they'd have been raised long before now. Finally, there is substantial risk of waste to the Court's resources and a distinct possibility that this litigation could turn out differently than the outcome of the Federal Circuit Appeals. Plainly, this matter must be stayed if it is not dismissed in its entirety.

Second, if this matter is not dismissed in its entirety, Magnesium Machine will seek *inter partes* reexamination of the '151 Patent. This Court has authority to stay this case in light of the request for review by the United States Patent and Trademark Office. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). And, a "stay is particularly justified where the outcome of the [administrative] proceedings would be likely to assist the court in determining patent validity and, if the claims were cancelled in the [administrative] proceeding, would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Accordingly, there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of the PTO reexamination proceedings." *Freedom Scientific, Inc. v. GW Micro, Inc.*, No. 8:08-cv-1365-T-33TBM, 2009 WL 2423095, *1 (M.D. Fla. 2009). In the event the *inter partes* reexamination of the '151 Patent is necessary because this case is not dismissed, staying

16

this case is appropriate because it will not risk harm to any party (again, if this matter was pressing, Terves would have raised it years ago alongside the Ohio Lawsuit), the outcome of the reexamination will greatly simplify the litigation of this matter, and this matter is in its infancy. *See Miller Mendel*, No. CIV-18-990-JD, 2020 WL 9597839, at *2.

Finally, to the extent this matter is not dismissed, it should be stayed pending the outcome of *KLX Energy Services LLC v. Magnesium Machine, LLC, et al.*, No. CIV-20-1129 (W.D. Okla. 2020) (the "KLX Lawsuit"). There, Magnesium Machine alleges, among other things, that KLX Energy Services LLC ("KLX") wrongly took and misappropriated Magnesium Machine's trade secrets in the form of the designs for its downhole well components manufactured using the allegedly infringing alloy imported by Ecometal.[6] *Amended Answer, Affirmative Defenses and Counterclaims of Defendant, Magnesium Machine* at ¶¶ 44-59, *KLX Energy Services*, No. CIV-20-1129 (W.D. Okla. Dec. 20, 2021) (attached hereto as Exhibit "12"). Terves manufactures the downhole well tools at issue in the KLX Lawsuit, which tools Terves put at issue here with its allegations under the '653, '740, and '151 Patents. If it is ultimately determined in the KLX Lawsuit that KLX did misappropriate Magnesium Machine's trade secrets and deliver same to Terves to manufacture, Terves's role in that scheme will have a substantial impact on the outcome

---

[6] The relationship between Terves, Magnesium Machine, Ecometal and KLX is multifaceted. There is evidence Terves took intellectual property regarding the alloys at issue from Ecometal. Then, Terves undercut an existing relationship between Magnesium Machine and KLX, eventually stealing KLX as a customer. Next, KLX gave Magnesium Machine's trade secret tool designs to Terves, who used them to manufacture copycat oilfield tools in violation of Magnesium Machine's rights. Because KLX and Terves jointly engaged in commercial misconduct against Magnesium Machine, the outcome of the KLX Lawsuit is of significant relevance to this matter.

of Terves's claims in this matter with respect to Magnesium Machine's manufacturing of the same products. Accordingly, if this matter is not dismissed, it must be stayed pending the outcome of the KLX Lawsuit.

## **CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed in its entirety. In the alternative, this matter should be stayed pending final determination of the Federal Circuit Appeals, *inter partes* reexamination of the '151 Patent, and the outcome of the related KLX Lawsuit.

Dated: March 7, 2023                            Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*/s/ Daniel V. Carsey*
Daniel V. Carsey, OBA No. 21490
Bryan R. Lynch, OBA No. 33559
Michael H. Smith, OBA No. 19222

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone:  (405) 553-2313
Facsimile:  (405) 553-2855
dcarsey@hallestill.com
blynch@hallestill.com
mhsmith@hallestill.com

**ATTORNEYS FOR DEFENDANT MAGNESIUM MACHINE, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2023, a true and correct copy of the above and foregoing was electronically served using the CM/ECF system to all CM/ECF registrants appearing in the above-styled matter.

*/s/ Daniel V. Carsey*
Daniel V. Carsey